UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:15 CR 124 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| Maurice Moore, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 34) and the government's Motion to Dismiss Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 40). For the following reasons, the defendant's motion is DENIED and the government's motion is GRANTED.

### Facts

On June 17, 2015, defendant agreed to plead guilty to a charge of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), without a written plea agreement. The Court entered a judgment on October 23, 2015, sentencing defendant to 69 months' imprisonment, followed by three years of supervised release. Defendant did not file an appeal.

Defendant filed the instant § 2255 motion on December 26, 2023.  The government filed a motion to dismiss defendant's motion due to untimeliness.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

**Discussion**

Defendant asserts he is entitled to relief because 18 U.S.C. §§ 922 (g)(1) violates the Second Amendment. The government argues defendant's motion is time-barred. A motion under 28 U.S.C. § 2255 is subject to a one-year statute of limitations. 28 U.S.C. 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's motion is untimely. The Court entered judgment against him on October 23, 2015. Defendant had 14 days from the date of the judgment, or until November 6, 2015, to file an appeal. Because defendant did not file an appeal, the judgment became final on November 6, 2015. Thus, the one-year limitations period for a § 2255 motion expired on November 6, 2016, over seven years ago.

3

Defendant argues that his motion is timely because there has been an intervening change in the law relating to § 922(g)(1). Defendant maintains that "the law didn't change on felons possessing firearms until the week of the 17th of November 2023" when the United States Supreme Court held that § 922(g)(1) is unconstitutional. Because the Supreme Court did not issue any decisions during that time, the government assumed defendant was referring to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), which articulated a new standard for evaluating firearms regulations under the Second Amendment. But, *Bruen* was decided on June 23, 2022. Thus, even if *Bruen* created a newly recognized right retroactive on collateral review[1], defendant only had until June 23, 2023, to file his § 2255 motion. Defendant did not file his motion until December 2023.

In his reply, defendant maintains that he is not relying on *Bruen* but on two courts of appeals decisions, *Atkinson v Garland*, 70 F.4th 1018 (7th Cir. 2023) and *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023), decided in June 2023, and which defendant asserts render the application of § 992(g)(1) unconstitutional. But, the alternative one-year limitations period found in § 2255(f)(3) only applies to Supreme Court decisions.

For these reasons, the Court finds that the motion is untimely under 28 U.S.C. § 2255(f).

**Conclusion**

---

[1]     The Sixth Circuit has noted that the Supreme Court has not yet made *Bruen* retroactively applicable to cases on collateral review. *In re Reho*, 2023 U.S. App. LEXIS 16461 (6th Cir. June 28, 2023).

For the foregoing reasons, defendant's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. The government's motion to dismiss is granted. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

I T IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/25/24